UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT CURRY,<br><br>    Plaintiff,<br>  v.<br><br>UNITED PARCEL SERVICE, INC., d/b/a UPS, TEAMSTERS LOCAL 623, and JOHN DOES 1-10,<br><br>    Defendants. | Civil Action No. 16-04482-GJP |

# O R D E R

**AND NOW** this _____ day of _____, 2016, upon consideration of Defendant, United Parcel Service, Inc.'s Motion to Dismiss, and any response thereto, it is hereby **ORDERED** that the Defendant's Motion is **GRANTED**, and that this action is **DISMISSED WITH PREJUDICE**.

                              BY THE COURT:

                              _____
                              J.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT CURRY,<br><br>                     Plaintiff,<br><br>          v.<br><br>UNITED PARCEL SERVICE, INC., d/b/a UPS, TEAMSTERS LOCAL 623, and JOHN DOES 1-10,<br><br>                     Defendants. | Civil Action No. 16-04482-GJP |

## DEFENDANT, UNITED PARCEL SERVICE, INC.'S, MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant, United Parcel Service, Inc. ("UPS"), hereby moves this Court to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

The grounds for this Motion are set forth at length in the accompanying Brief in Support.

/s/ Gary M. Tocci
Gary M. Tocci, Esq.
Molly Q. Campbell, Esq.
Reed Smith LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
P: (215) 851-8100

*Counsel for Defendant
United Parcel Service, Inc.*

December 9, 2016

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT CURRY,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED PARCEL SERVICE, INC., d/b/a UPS, TEAMSTERS LOCAL 623, and JOHN DOES 1-10,<br><br>        Defendants. | Civil Action No. 16-04482-GJP |

**BRIEF IN SUPPORT OF DEFENDANT, UNITED PARCEL SERVICE, INC.'S, <u>MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

*/s/ Gary M. Tocci*
Gary M. Tocci, Esq.
Molly Q. Campbell, Esq.
Reed Smith LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
P: (215) 851-8100

*Counsel for Defendant*
*United Parcel Service, Inc.*

December 9, 2016

## TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. PROCEDURAL HISTORY ............................................................................................... 2

III. STATEMENT OF FACTS ................................................................................................ 2

IV. ARGUMENT ..................................................................................................................... 5

    A. Standard Of Review ............................................................................................. 5

    B. Plaintiff's Claim Against UPS is Time-Barred ..................................................... 5

    C. Plaintiff Fails To Allege Facts Regarding A Specific Breach Of Either The CBA Or The Duty Of Fair Representation ............................................................ 8

V. CONCLUSION ................................................................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
 6 U.S. 662, 129 S. Ct. 1937 (2009) ........................................................................................ 5

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 545 (2007) ................................................................................................................ 5

*DelCostello v. International Bhd. of Teamsters*,
 462 U.S. 151 (1983) ............................................................................................................ 6, 8

*Felice v. Sever*,
 985 F.2d 1221 (3d Cir. 1993) .................................................................................................. 6

*Furillo v. Dana Corp.*,
 866 F. Supp. 842 (E.D. Pa. 1994) ............................................................................................ 9

*Hersh v. Allen Products Co.*,
 789 F.2d 230 (3d Cir. 1986) .................................................................................................... 6

*Howard v. Potter*,
 2006 U.S. Dist. LEXIS 29436 (E.D. Pa. May 15, 2006) ......................................................... 9

*Krushinski v. Roadway Exp., Inc.*,
 627 F. Supp. 934 (M.D. Pa. 1985) ........................................................................................... 9

*Martin v. Capital Cities Media, Inc.*,
 511 A.2d 830 (Pa. Super. Ct. 1986) ...................................................................................... 10

*Nicholas v. CMRE Fin. Servs., Inc.*,
 08-4857JLL, 2009 WL 1652275 (D.N.J. June 11, 2009) ........................................................ 8

*Phillips v. Babcock & Wilcox*,
 503 A.2d 36 (Pa. Super. 1986) ............................................................................................... 10

*Riley v. Letter Carriers Local No. 380*,
 668 F.2d 224 ............................................................................................................................ 9

*Sanderson, Thompson, Ratledge & Zimny v. AWACS, Inc.*,
 958 F. Supp. 947 (D. Del. 1997) .............................................................................................. 8

*Santiago v. Warminster Twp.*,
 629 F.3d 121 (3d Cir. 2010) .................................................................................................... 5

*Three Keys Ltd. v. SR Utility Holding Co.*,
 540 F.3d 220 (3d Cir. 2008)..................................................................................................8

*Vaca v. Sipes*,
 386 U.S. 171 (1967)..............................................................................................................9

*Vadino v. A. Valey Eng'rs*,
 903 F.2d 253 (3d Cir. 1990)..................................................................................................6

*Williams v. Chrysler Corp.*,
 No. 98-7108, 1998 WL 871026 (3d Cir. Dec. 16, 1998)......................................................6

**Statutes**

29 U.S.C. § 185.............................................................................................................................1

**Rules**

Fed.R.Civ.P. 12(h)(3)....................................................................................................................8

**I.      INTRODUCTION**

Robert Curry ("Curry" or "Plaintiff") was employed by Defendant United Parcel Service, Inc. ("UPS"), as a package driver.  At all relevant times, Plaintiff had been employed by UPS and had been represented for purposes of collective bargaining by Co-Defendant Teamsters Local Union No. 623 ("Local 623" or "Union").[1]

Plaintiff's claim against UPS fails as a matter of law and should be dismissed.  As set forth in Defendants' earlier Motions to Dismiss, Plaintiff's claim for Breach of the Collective Bargaining Agreement and Duty of Fair Representation is time-barred as Plaintiff failed to bring his claim, asserted under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 ("Section 301"), within the six-month statute of limitations.  (Dkt. Nos. 5, 7, 14).  Despite this deficiency, Plaintiff chose to assert this same claim in his Amended Complaint without any new or clarifying facts establishing the timeliness of his claim.  This is a blatant attempt to overcome the statute of limitations bar, but is futile in any event as Plaintiff clearly knew, or should have known, of the acts constituting the alleged violation many months – ***indeed over one year*** -- before he filed the original Complaint in August 2016.

Moreover, Plaintiff's claim is devoid of the requisite facts required, even under liberal pleading standards.  Specifically, the Amended Complaint contains no allegations that would support a finding that UPS somehow repudiated the contractual grievance procedure – and it has not.  As such, Plaintiff cannot establish any violation of the CBA, which is an essential element of a claim under Section 301.  As Plaintiff cannot maintain his claim against UPS (or Local 623, for that matter), Plaintiff's Amended Complaint should be dismissed in its entirety with prejudice.

---

[1] Plaintiff's Amended Complaint, unlike his original Complaint, asserts no claims against International Brotherhood of Teamsters.

## II.     PROCEDURAL HISTORY

Plaintiff initiated this action by filing his complaint on August 15, 2016.  On September 19, 2016, UPS filed a timely Motion to Dismiss for failure to state a claim.  (Dkt No. 14).  On or about September 29, 2016, Plaintiff requested an extension of fourteen (14) days to respond to UPS' Motion to Dismiss.  (Dkt. No. 17).  On October 27, 2016, UPS filed a Motion to Grant its Motion to Dismiss as Uncontested.  (Dkt. No. 18).  Thereafter, Plaintiff filed a Motion to Amend the Complaint (Dkt. No. 27), which this Court granted on November 28, 2016.  (Dkt. No. 30).[2]  Defendant UPS now files its timely Motion to Dismiss Plaintiff's Amended Complaint.

## III.    STATEMENT OF FACTS

For purposes of this Motion to Dismiss, as required under Rule 12(b)(6), UPS assumes the truth of the well-pleaded facts set forth in the Amended Complaint as they relate to Plaintiff's claims against UPS.[3]

According to the Amended Complaint, on or around July 29, 1996, Plaintiff was hired by Defendant, UPS, and joined Teamsters Local Union No. 623.  Plaintiff worked part-time until approximately 2002, when Plaintiff became a package driver.  Amended Complaint ("Compl.") at ¶ 7.

Plaintiff alleges that in Winter 2013, UPS's union contract with the Union was in negotiation along with a divisive change in health care benefits to a Teamster-managed TeamCare health insurance plan.  *Id.* at *¶* 9.  Plaintiff claims that he made (and began wearing) a t-shirt, stating "Vote No" in reference to the membership vote on the new contract with UPS.  *Id.*

---

[2]     Notably, Plaintiff has filed two Praecipes to substitute Exhibit A to Plaintiff's Motion for Leave to Amend.  The changes to the various amendments do not impact UPS' analysis below.  Thus, in the interest of clarity, UPS will cite the Amended Complaint as filed in Dkt. No. 27 as this Court formally deemed that version filed as of November 28, 2016.  (Dkt. No. 30).

[3]     UPS nonetheless would deny many of Plaintiff's allegations, and reserves the right to dispute and litigate those allegations to the extent necessary in this action.

at ¶ 11.  Plaintiff also claims that he sold the t-shirt to hundreds of coworkers at Local 623.[4]  *Id.* at ¶ 12.

During Summer 2013, Plaintiff alleges he camped outside the UPS buildings and made "Vote No" signs and banners, which he alleges was contrary to Local 623's leadership.  *Id.* at ¶ 16.  Local 623 voted "No" on the contract, resulting in additional negotiations by the national Teamsters Union.  *Id.* at ¶ 18.

Following the first successful "No" vote on the national UPS contract, Plaintiff alleges that he formed a slate of seven (7) individuals to run for leadership of Teamsters Local 623, with Plaintiff at the top of the ticket.  Plaintiff advertised the ticket as "The Integrity Slate."  *Id.* at ¶ 19.

Local 623 prepared a new vote on the UPS contract, with minimal differences and Plaintiff and The Integrity Slate again made "Vote No" signs and banners.  *Id.* at ¶¶ 21.  In October 2013, Local 623 again voted "No."  *Id.* at ¶ 22.  Rather than voting a third time, Plaintiff claims that the national Teamsters leadership changed the Constitution to allow the national leadership to adopt the new contract with UPS without a third vote.  *Id.* at ¶ 23.

In advance of the local leadership election, Plaintiff alleges that he campaigned with The Integrity Slate, but lost by only 30 votes.  *Id.* at ¶¶ 25.  The Amended Complaint alleges that following the election, Plaintiff experienced harassment, including around Spring 2014, when he was initially skipped over by the local leadership to be trained as a CDL Class A truck driver.  *Id.* at ¶ 28.

---

[4]   At this same time, Plaintiff alleges that he joined Teamsters for a Democratic Union ("TDU"), a dissident slate within Teamsters (plaintiff identifies it as a "reform union") and became a nationally-recognized reform leader.  *Id.* at ¶¶ 16-17.  In this leadership role, Plaintiff claims he publically backed Fred Zuckerman, President of Teamsters Local 89 in Louisville, Kentucky for General President of Teamsters in his race against Jimmy Hoffa, Jr., the incumbent IBT President, whom Plaintiff identifies as a "union leader" – garnering much support.  *Id.* at ¶ 18.

Subsequently, while working as a CDL driver, Plaintiff claims that on April 17, 2015, Plaintiff stopped at the "Chesapeake House" rest stop on I-95 to use the bathroom. *Id.* at ¶ 31. Plaintiff alleges that he took a ten-minute break to talk to his co-workers Sal Falice and Sam Mendez. *Id.* at ¶¶ 32. Plaintiff alleges that after the ten-minute break, Mendez ran over to Plaintiff's truck and asked for a quarter. Plaintiff tossed Mendez a quarter and drove off. *Id.* at ¶ 33.

On or about April 22, 2015, Plaintiff was called into John Fiorentino's office, and accused of "stealing time" by not clocking out when Plaintiff stopped at the "Chesapeake House" rest stop on April 17, 2015. *Id.* at ¶ 35. Fiorentino also allegedly questioned Plaintiff concerning the quarter (which was allegedly used to tamper with equipment as a prank). *Id.* at ¶ 38. Plaintiff alleges he was terminated at the conclusion of the questioning. *Id.* at ¶ 39.

Plaintiff claims that he filed two grievances (Nos. 9965 and 9966) regarding his termination. *Id.* at ¶ 42. He claims that Grievance No. 9965 was addressed on May 1, 2015. *Id.* at ¶ 43. Plaintiff presented his case to the Hearing Panel, and was escorted off the premises by guards following the hearing. *Id.* at ¶¶ 44-47.

Thereafter, Plaintiff filed six more grievances concerning his termination and requesting to see the video of his bathroom break. *Id.* at ¶ 48. Plaintiff was shown the video, which Plaintiff claims shows him taking a ten-minute break, from 7:57 pm to 8:07 pm. *Id.* at ¶ 49. A second hearing regarding Plaintiff's termination was held in Asheville, NC on May 19th and 20th, which Plaintiff attended. *Id.* at ¶¶ 50-52, Ex. E. Plaintiff alleges he offered a notarized statement letter from Bill Morris, a local union leader, into evidence, as well as some additional documentary evidence. *Id.* at ¶¶ 52-54 , Exs. F, G and H.

4

By letter dated May 20, 2015, the committee upheld Plaintiff's termination. *Id.* at ¶ 56, Ex. I. Plaintiff asserts that he received the decision within several months of it being issued. *Id.* at ¶ 56. Plaintiff claims that he was terminated for his involvement with The Integrity Slate and his campaign to vote down the national UPS contract in clear violation of his Constitutional and statutory rights. *Id.* at ¶59.

## IV. ARGUMENT

### A. Standard Of Review

The Supreme Court has made clear that the federal pleading standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 6 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Nor may a plaintiff rely on "an unadorned, the-defendant- unlawfully-harmed-me accusation." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007)). Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950.

In evaluating a motion to dismiss under Rule 12(b)(6), courts typically will: (1) take note of the elements a plaintiff must plead to state a claim; (2) identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 129-30 (3d Cir. 2010). The Court should not accept as true conclusory or unsupported assertions that are not well-pleaded facts. *Twombly*, 467 U.S. 752.

### B. Plaintiff's Claim Against UPS is Time-Barred.

Plaintiff's Amended Complaint asserts a breach of contract claim against UPS and breach of the duty of good faith and fair dealing against Local 623. Such claims are Section 301

5

"hybrid" actions. *See Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993) ("Ordinarily, an employee files a claim against the union alleging breach of the duty of fair representation together with a claim against the employer alleging breach of the collective bargaining agreement in a 'hybrid' section 301/duty of fair representation suit."). The statute of limitations on a "hybrid" Section 301 claim is six months. *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 171-72 (1983); *Williams v. Chrysler Corp.*, No. 98-7108, 1998 WL 871026, at *3 (3d Cir. Dec. 16, 1998) ("The Supreme Court has ruled that the statute of limitations for [Section 301] actions is six months."). As such, Plaintiff's claim is time-barred under the statute.

As the court in *Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 260 (3d Cir. 1990) explained:

> The six month period commences when the ***claimant discovers, or in the exercise of reasonable diligence should have discovered***, the acts constituting the alleged violation. *Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986) (quoting *Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299, 304 (7th Cir. 1983), cert. denied, 464 U.S. 1070 ... (1984). Therefore, where an employee sues a union for breach of its duty of fair representation, the limitations period commences when 'the plaintiff receives notice that the union will proceed no further with the grievance. *Hersh*, 789 F.2d at 232 (quoting *Bruch v. United Steelworkers of America*, 583 F. Supp. 668, 670 (E.D. Pa. 1984)). Even if there has been no explicit notice, the statute of limitations begins to run when the futility of further union appeals becomes apparent or should have become apparent." *Scott v. Local 863, International Brotherhood of Teamsters*, 725 F.2d 226, 229 (3d Cir. 1984).

*Vadino*, 903 F.2d at 260 (emphasis added) (internal quotations omitted). Specifically, this six-month period commences "when the claimant discovers or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Hersh*, 789 F.2d at 232.

Plaintiff fails to allege any facts showing that he brought his claims within the statute of limitations.[5] Even assuming all inferences in Plaintiff's favor, he has failed to set forth any facts illustrating the date he became aware of the alleged breach of the duty of fair representation, the date he had notice that the Union would proceed no further with the grievance or the date that futility of further union appeals became apparent or should have become apparent. Moreover, while Plaintiff does not specify when he became aware that his grievance was denied by the joint grievance committee, he admits that he received a copy of the denial letter within "several months" of its issuance on May 20, 2015. *See* Compl. at ¶ 56. Even assuming Plaintiff received notice within three (four, five, six or ***even seven***) months from the decision dated May 20, 2015, his claim, filed ***over fourteen months later***, on August 15, 2016, would still be time-barred. For example, if Plaintiff learned of the grievance panel's notice upholding his termination on December 20, 2015 (seven months after the hearing and the date of the letter), the statute of limitations for his Section 301 claim would have expired on June 20, 2016. However, even in that case, Plaintiff waited an additional two months from that date to file the instant lawsuit (dated August 15, 2016). Even assuming such a lengthy delay in notice, Plaintiff's filing remains well outside the six-month limitation period.

In sum, Plaintiff's filing on August 15, 2016 means that if he learned – *or in the exercise of reasonable diligence should have learne*d – of the decision any earlier than February 17, 2016 (180 days before the filing), then his action is time-barred. Under even the most generous reading of the Amended Complaint, it fails to allege that he was denied the critical knowledge until after that date in February 2016. Notably still, while this deficiency was highlighted in

---

[5] Notably, Plaintiff ignored this deficiency, which was amply pointed out in Defendants' Motions to Dismiss the original Complaint and, remarkably, chose to assert this same claim without any new or clarifying facts showing the timeliness of his claim. It is UPS' belief that Plaintiff has failed to allege any of these facts in an attempt to overcome his inability to show the Complaint was timely filed, but, in any event, this deficiency is fatal to Plaintiff's claims.

7

Defendants' earlier Motions to Dismiss, Plaintiff chose to assert this same count in his Amended Complaint without any new or clarifying facts establishing the timeliness of his claim. Accordingly, Plaintiff's claim should be dismissed with prejudice.[6]

### C. Plaintiff Fails To Allege Facts Regarding A Specific Breach Of Either The CBA Or The Duty Of Fair Representation

Even had Plaintiff set forth sufficient allegations regarding the timeliness of his claim, the claim would also fail for the additional reason that Plaintiff has not alleged – and, in fact, cannot demonstrate – that UPS breached the terms of the CBA, an essential element of any Section 301 claim. Plaintiff also cannot establish a viable claim under Section 301 because they have not alleged, and cannot demonstrate, that the Union breached its duty of fair representation, another essential element of any Section 301 hybrid claim. *DelCostello*, 462 U.S. 164-65.

A breach of the duty of fair representation "occurs only when a union's conduct is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). This standard is exacting:

> In order to show that the Union breached its duty of fair representation . . . "There must be substantial evidence of fraud, deceitful action or dishonest conduct [or arbitrary conduct] so far outside a wide range of reasonableness as to be irrational." On the other hand, a union's conduct is not arbitrary "when it is merely inept or negligent nor does mere disagreement about strategy form a foundation for a § 301 lawsuit."

---

[6] In the alternative and giving Plaintiff far greater inference than is required under the standard for a motion to dismiss, the Court may determine it is unable to discern the timeliness of the action from the Complaint's allegations. In that case, this Court has an independent duty to raise issues of subject matter jurisdiction *sua sponte*. *See Three Keys Ltd. v. SR Utility Holding Co.*, 540 F.3d 220, 225 n.7 (3d Cir. 2008). Thus, if the Court determines that such an ambiguity is sufficiently serious, it can require that Plaintiff file an amended pleading with respect to the jurisdictional basis of Plaintiff's claim. *See Nicholas v. CMRE Fin. Servs., Inc.*, 08-4857JLL, 2009 WL 1652275 (D.N.J. June 11, 2009) (finding that the ambiguity in the Complaint was sufficiently serious as to require that Plaintiff file an amended pleading); *see also Sanderson, Thompson, Ratledge & Zimny v. AWACS, Inc.*, 958 F. Supp. 947, 961 (D. Del. 1997) ("It is clear that dismissal of an action is mandated if the court lacks subject matter jurisdiction at any stage of the proceedings.") (citing Fed.R.Civ.P. 12(h)(3)).

*Howard v. Potter*, 2006 U.S. Dist. LEXIS 29436, *15-16 (E.D. Pa. May 15, 2006) (emphasis added; internal citations omitted); *Riley v. Letter Carriers Local No. 380*, 668 F.2d 224, 229 (3d Cir. 1981). Thus, unions are granted wide discretion in their decision-making and even demonstrating that a different outcome would have been obtained had the union approached the matter differently does not establish a breach of the duty of fair representation. Plaintiff has failed to allege any conduct by Local 623 regarding the grievance procedure, let alone conduct that is arbitrary, discriminatory or in bad faith. Nor does Plaintiff allege the Union improperly refused to process any viable grievance. *Furillo v. Dana Corp.*, 866 F. Supp. 842, 853 (E.D. Pa. 1994) (employee cannot pursue claim under section 301 because of failure to allege violation of right of fair representation); *Krushinski v. Roadway Exp., Inc.*, 627 F. Supp. 934, 937-38 (M.D. Pa. 1985) (employee must pursue grievance remedies and establish right to fair representation was violated to maintain a section 301 claim).

Further, Plaintiff's claim against UPS as set forth in Count I of the Complaint alleges that UPS breached the CBA by terminating Plaintiff, but point to no provision under the contract that was breached. To the extent that Plaintiff is attempting to weave in allegations of his prior claims for violation of the First Amendment and Retaliation, "disguising" them under the umbrella of a breach of contract claim does not make them any more viable. First, Plaintiff's claim is still predicated on his alleged exercise of free speech regarding his leadership in opposing the implementation of a new health care insurance plan as part of the negotiated change in health care benefits. Even if Plaintiff was terminated for such conduct, it does not support a Section 301 claim. "An employer [] has the right to discharge an employee for certain speech which is protected by the Constitution. Even when the Constitution allows one to speak freely, it does not forbid an employer from exercising his judgment to discharge an employee whose

9

speech in some way offends him." *Martin v. Capital Cities Media, Inc.*, 511 A.2d 830, 843 (Pa. Super. Ct. 1986); *see also Martin v. Capital Cities Media, Inc.*, 511 A.2d 830, 844 (Pa. Super. Ct. 1986) (finding employer had legitimate business reasons for terminating the employee as the employer "was obviously upset by what he perceived to be an insubordinate and disloyal act of an employee").

Plaintiff's anemic allegations consisting of conclusory statements that Defendant UPS breached the collective bargaining agreement, and that Local 623 breached its duty of fair representation, are insufficient to state a claim. As Plaintiff was terminated for "just cause" following a hearing on Plaintiff's grievance pursuant to the terms of the CBA, there can be no breach of the CBA in this case. *See Phillips v. Babcock & Wilcox*, 503 A.2d 36, 37(Pa. Super. 1986). As such, this Court should dismiss Plaintiff's Amended Complaint in its entirety with prejudice.

## V.     CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and dismiss Plaintiff's Amended Complaint in its entirety, and enter judgment in favor of Defendant UPS and against Plaintiff.

>Respectfully submitted,
>
>*/s/ Gary M. Tocci*
>Gary M. Tocci, Esq.
>Molly Q. Campbell, Esq.
>Reed Smith LLP
>Three Logan Square
>1717 Arch Street, Suite 3100
>Philadelphia, PA 19103
>P: (215) 241-7953
>
>*Counsel for Defendant*
>*United Parcel Service, Inc.*

Dated: December 9, 2016

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT CURRY,<br><br>    Plaintiff,<br>  v.<br><br>UNITED PARCEL SERVICE, INC., d/b/a UPS, TEAMSTERS LOCAL 623, and JOHN DOES 1-10,<br><br>    Defendants. | Civil Action No. 16-04482-GJP |

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that the Defendant United Parcel Service, Inc. electronically filed a Motion to Dismiss on December 9, 2016, and it is available for viewing and downloading from the federal court's Electronic Case File system. A copy of the foregoing has been served via ECF today upon the following counsel:

        Matthew B. Weisberg, Esq.
        Weisberg Law, PC
        7 S. Morton Avenue
        Morton, PA 19070
        *Attorney for Plaintiff*

        Neal Goldstein, Esq.
        PA Attorney I.D. No. 17589
        1601 Market Street, Suite 1500
        Philadelphia, PA 19103
        (215) 931-2530
        *Attorney for Defendant*
        *International Brotherhood of Teamsters, Local 623*

        */s/ Gary M. Tocci*