# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Robert Curry                                    :
                                                :
                    Plaintiff,                   :
                                                :
                                                :    Civil Action No. 16-4482
         vi.                                    :
                                                :
UNITED PARCEL SERVICE, INC., et al.             :
                                                :
                                                :
                    Defendants.                  :

## MOTION TO DISMISS

Defendant International Brotherhood of Teamsters Local 623 ("Union" "Local 623"), by

its respective counsel, hereby moves the Court to dismiss Plaintiff Robert Curry's Complaint

against Local 623 pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief

can be granted. WHEREFORE, Defendant respectfully requests that its Motion be GRANTED

and Plaintiffs' Complaint be DISMISSED, with prejudice.

                              Respectfully submitted,

Dated:  December 13, 2016            _____ /S/ Neal Goldstein _____
                                     NEAL GOLDSTEIN
                                     PA Attorney I.D. No. 17589
                                     1601 Market Street, Suite 1500
                                     Philadelphia, PA  19103
                                     (215) 931-2530

                                     _____ /S/ Lisa Leshinski _____
                                     LISA LESHINSKI
                                     PA Attorney I.D. No. 201159
                                     1601 Market Street, Suite 1500
                                     Philadelphia, PA  19103
                                     (215) 931-2557

                                     Attorneys for Defendant International Brotherhood
                                     of Teamsters, Local 623

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Robert Curry | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 16-4482 |
| vii. | : | |
| UNITED PARCEL SERVICE, INC., et al. | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT INTERNATIONAL BROTHERHOOD OF
## TEAMSTERS LOCAL 623's MOTION TO DISMISS

Defendant International Brotherhood of Teamsters Local 623 ("Union" "Local 623"), by its counsel, hereby moves the Court to dismiss all allegations of Plaintiff Curry, et al., against Defendant Union pursuant to Fed.R. Civ.P. 12(b)(6) as time-barred. The Motion is based upon the factual averments of Plaintiff's Complaint which demonstrate that Plaintiffs' claims against Defendant Union are time barred, and/or fail to state claims upon which relief can be granted.

## I.    PROCEDURAL HISTORY

On or about August 15, 2016, Plaintiff filed a Complaint alleging, *inter alia*, that Defendant United Parcel Service, Inc. ("Employer"), breached a collective bargaining agreement between the Employer and the Union, and implied that Local 623 breached its duty of fair representation in representing Mr. Curry.

All Defendants filed motions to dismiss. The Plaintiff filed a motion for an extension of time to respond but did not timely file a response. Defendants filed motions to grant their motions

3

to dismiss as uncontested. Plaintiff filed an amended complaint. Plaintiff then filed for leave to file an amended complaint and attached an amended complaint. By Order of the Court, dated November 28, 2016, the Court deemed Plaintiff's amended complaint, ECF 27, filed as of November 28, 2016, and denied Defendants' motions to dismiss. Plaintiff thereafter filed another amended complaint (ECF 31) and another *praecipe* to attach exhibit to plaintiff's motion for leave to amend complaint (ECF 29). The Court did not rule on whether the amended complaint in ECF 32 is accepted. Local 623 will respond to ECF 27, as ordered by the Court.

## II.     FACTUAL BACKGROUND[1]

The Employer and Union are parties to a collective bargaining agreement. (Complaint ¶ 63). In or around 1996, Plaintiff became employed by Defendant Employer UPS as a part-time worker, and became a member of Local 623. (Complaint ¶ 7). In around 2002, Plaintiff became a full-time package driver for UPS. (Complaint ¶ 7).

Local 623 is a labor organization under the provisions of the National Labor Relations Act, as it is an organization in which "employees participate and which exists for the purpose...of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work." (29 U.S.C. § 152(5); see Complaint ¶¶ 5, 7).[2]

On or about April 22, 2015, Plaintiff was called into a meeting at work with UPS Manager John Fiorentino and questioned. (Complaint ¶ 35, Complaint Exhibit A (Termination letter states that Fiorentino is the UPS Feeder Manager)). Plaintiff was terminated by UPS at the conclusion of the meeting. (Complaint ¶ 39). A grievance was filed by Local 623 pursuant to the collective

---

[1] Defendant Union admits only for the limited purposes of this Memorandum that the facts averred in the Complaint are true.

[2] A labor organization is not an employer, pursuant to the National Labor Relations Act. "The term "employer" includes any person acting as an agent of an employer, directly or indirectly, but shall not include ...any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 152(2).

bargaining agreement, contesting the termination. (Complaint ¶ 42; Complaint Exhibit B). A meeting was held on May 1; the grievance was denied and an official discharge notice was issued. (Complaint ¶ 43; Complaint Exhibit A).

On May 14, 2015, Plaintiff was formally notified that a grievance committee would convene on May 19-20, 2015, to hear the Union's grievance for the Plaintiff regarding his termination. (Complaint ¶ 50; Complaint Exhibit E). The Union's grievance contended that Plaintiff should not have been terminated and asked that he be reinstated. (Complaint Exhibit B). Plaintiff attended the meeting. (Complaint ¶ 51). Bill Morris, President of Teamsters Local 623, presented the case on behalf of the grievant Curry. He submitted the Union's brief to the committee and he responded to the Employer's arguments. (Complaint ¶ 52; Complaint Exhibit F). By letter dated May 20, 2015, the committee upheld the Plaintiff's termination, notwithstanding Morris's position at the hearing. (Complaint ¶ 57; Complaint Exhibit I). Plaintiff admits that he received a written copy of the decision within several months of it being issued. (Complaint ¶ 56).

## III. ARGUMENT

### A. STANDARD FOR MOTION TO DISMISS

In deciding a motion to dismiss the Court must accept all well-pleaded allegations in the Complaint as true, and view them in the light most favorable to the Plaintiff. Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003). The Court will grant a motion to dismiss where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In deciding a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), courts look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20

F.3d 1250, 1261 (3d Cir.1994). Courts must accept as true all *well-pleaded allegations* in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential–Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.1985)(emphasis added).

In reviewing a motion to dismiss courts must conduct a two part analysis of a plaintiff's complaint, whereby legal conclusions are disregarded and well-pleaded facts are accepted:

> 1. [T]he factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions; and
> 2. [A] District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.
>
> [Mitich v. Lehigh Valley Rest. Grp., Inc., No. CIV.A. 12-3825, 2012 WL 6209957, at *3 (E.D. Pa. Dec. 12, 2012); Ashcroft v. Iqbal, 6 U.S. 662 (2009).]

Here, based on the well-pleaded facts alleged by Plaintiff, the Plaintiff's claim is time-barred, and fails to properly plead a claim upon which the Court may grant relief against Local 623.

## B. PLAINTIFFS' COMPLAINT IS TIME-BARRED

In Count 1 of the Complaint, the Plaintiff alleges that the Employer breached the collective bargaining agreement when it terminated Curry, and that Defendant Local 623 breached the duty of fair representation it owed to Curry in its representation of Curry in the grievance process. As such, Plaintiff has filed a Section 301 hybrid suit (i.e. Section 301 of the Labor Management Relations Act of 1947) against the Employer, Local 623, and the International Brotherhood of Teamsters ("IBT"). See 29 U.S.C. § 185.[3] Section 301 of the LMRA confers subject matter-

---

[3] Plaintiff does not call this a Section 301 case in ECF 27-1. In ECF 27-1 the Plaintiff contends that jurisdiction is conferred pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and 28 U.S.C. § 1367. Jurisdiction is clearly not conferred pursuant to 42 U.S.C. § 1983, and 28 U.S.C. § 1367, in light of the fact that the Plaintiff dropped the state actor claim and the state law claim (therefore asserting supplemental jurisdiction), counts 1 and 2. In ECF 29-1, the

jurisdiction to federal courts over suits alleging violations of a collective bargaining agreement. Such claims are considered "hybrid" claims in which the plaintiff alleges that his employer breached the CBA and the union breached its duty of fair representation to its members. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 164-65 (1983).[4]

To proceed with a Section 301 claim, Plaintiff must first establish that he exhausted his contractual remedies under the applicable CBA; employees must afford their union the opportunity to act on their behalf. Republic Steel v. Maddox, 379 U.S. 650, 653 (1965). Thus, prior to commencing an action alleging breach of a labor contract, "individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress." Id. at 652. Exhaustion of exclusive contractual remedies is a necessary prerequisite to a Section 301 action by an employee against his employer for a breach of contract. Vaca v. Sipes, 386 U.S. 171, 184-185 (1967).

While Section 301 does not expressly set forth a statute of limitations, in DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), the Supreme Court held that the six-month statute of limitations set forth in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applies to all Section 301 hybrid lawsuits by employees against an employer and a union. This six-month statute of limitations begins to run when the plaintiff "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." Stokes v. Local 116 of Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers, No. CIV. A. 92-3131, 1993 WL 23895, at *6 (E.D. Pa. 1993). In the instant case the 6-month

---

latest amended complaint, Curry argues jurisdiction is granted to the Court pursuant to 29 U.S.C. § 185 and 29 U.S.C. § 1331, however this amended complaint was not accepted by the Court.

[4] "The Supreme Court has viewed the hybrid suit as consisting of two independent, albeit related, causes of action, and has stated that [t]he employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." Vadino v. A. Valey Engineers, 903 F.2d 253, 260 (3d Cir. 1990).

statute of limitations began to run when Curry learned that the Grievance Committee had denied his grievance.[5] Oral notice is sufficient to constitute notice and to start the clock on the statute of limitations. Wellock v. Taylor Hosp., Inc., No. CIV.A. 10-2883, 2012 WL 4108928, at *2 (E.D. Pa. Sept. 19, 2012)("she should have known that the Union would not pursue her grievance, and her claims are time-barred").

Failure to proceed with a Section 301 claim within the six months statute of limitations has consistently been found by the courts to be grounds for dismissal. See Williams v. District 1199C, National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO, 1999 U.S. Dist. LEXIS 8823 (E.D. Pa. 1999); Mansley v. Technovation, Inc. and Teamsters Local 158, 1986 U.S. Dist. 21972 (E.D. Pa. 1986).

Here the Plaintiff admits that he received a copy of the denial letter within "several months" of its issuance on May 20, 2015 even though he does not say when *he became aware* that his grievance was denied. (Complaint ¶ 56); see Wilkins v. ABF Freight System, Inc., 2005 U.S. Dist. LEXIS 20310, *23-24 (E.D. Pa. 2005) (court rejected plaintiff's contention that his section 301 action was timely because he never received formal notice, saying the "issue is when it should have been clear to [plaintiff]").[6, 7] However, given that Curry acknowledges that he received notice of the denial within several months of the hearing, Curry's Complaint is untimely. There is no mention in the complaint of any further action on Curry's part, between obtaining a copy of the

---

[5] The instant Complaint was filed on August 15, 2016. Plaintiff's grievance hearing was held on May 19-20, 2015, and a decision letter was issued on May 20, 2015. See Complaint Exhibits F, I.

[6] Complaint ¶ 56 states, "Although the Termination Decision Letter was dated May 20, 2015, Plaintiff did not obtain a copy of the letter for several months and after several attempts to obtain it."

[7] If the Court finds that there is a question in this case whether the complaint was filed past the 6-month statute of limitations for Section 301 cases, there is a question whether the Court lacks jurisdiction. In that case, the Court should require a more definite statement under Rule 12(e) or require that the Plaintiff file an amended pleading. See e.g. Nicholas v. CMRE Fin. Servs., Inc., No. 08-4857JLL, 2009 WL 1652275, at *3–4 (D.N.J. June 11, 2009); Three Keys Ltd. v. SR Utility Holding Co., 540 F.3d 220, 225 n. 7 (3d Cir.2008).

Termination Decision Letter within several months of its May 20, 2015 issue date, and the filing of Plaintiff's Complaint in August 2016, *fifteen months after the grievance hearing.*

Moreover, had Curry been successful in his grievance, he would have been offered reinstatement and returned to work. He was never offered reinstatement and returned to work because the grievance was denied. In <u>Vadino,</u> the court noted that the operative date triggering the statute of limitations is when the futility of appeals should have been apparent:

> Therefore, where an employee sues a union for breach of its duty of fair representation, the limitations period commences when the plaintiff receives notice that the union will proceed no further with the grievance...Even if there has been no explicit notice, the statute of limitations begins to run when the futility of further union appeals became apparent or should have become apparent.

[<u>See</u> <u>Vadino v. A. Valey Engineers</u>, 903 F.2d 253, 260 (3d Cir. 1990).]

### C. CURRY'S COMPLAINT FAILS TO PRESENT MORE THAN A SHEER POSSIBLITY THAT HE IS ENTITLED TO RELIEF AND SHOULD THEREFORE BE DISMISSED

Fed. R. Civ. P. 8 (a) (2) requires a plaintiff to plead a short and plain statement of the claim showing that the pleader is entitled to relief. Allegations which are conclusory are not entitled to an assumption of truth and are insufficient to support claims. <u>Wilson v. City of Philadelphia</u>, 415 F. App'x 434, 436 (3d Cir. 2011).

> To survive a motion to dismiss, the complaint must set forth enough facts to state a claim to relief that is plausible on its face. A claim is plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

[Holmes v. Gates, 403 F. App'x 670, 672 (3d Cir. 2010).]

A union has a duty to fairly represent all of its members, both in collective bargaining with an employer and in its enforcement of the resulting collective bargaining agreement (i.e. in the grievance process). Vaca v. Sipes, 386 U.S. 171, 177 (1967). A breach of this duty occurs "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Id. at 190.

Here, the Plaintiff fails to plead specific misconduct by Local 623 in the grievance process which entitles the Plaintiff to relief. He fails to plead any conduct by Local 623 which was *arbitrary* (outside a wide range of reasonableness); *discriminatory* (encompassing only discrimination based on an "invidious" trait such as race, gender, national origin, union membership or internal union politics, that is "intentional, severe, and unrelated to legitimate union objectives) or in bad faith (demonstrated by substantial evidence of fraud, deceitful action or dishonest conduct). See Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 79 (1991); Breininger v. Sheet Metal Workers Local Union No. 6, 493 U.S. 67, 73-74 (1989); Amalgamated Ass'n of St., Elec., Ry. & Motor Coach Employees v. Lockridge., 403 U.S. 274, 301 (1971).

There is no misconduct by Local 623. After UPS terminated Curry, Local 623 filed a grievance. Local 623 wrote a letter in support of Curry. Unfortunately, Curry's grievance was denied. Curry pleads no specific misconduct by Local 623 in this process. Instead, he pleads that his activities two years prior to the termination made him essentially unpopular with Local 623, but he presents no factual support for his assertions of misconduct other than Curry's union activities in 2013. Because the Plaintiff fails to plead any specific misconduct by Local 623, the Complaint should be dismissed; because the pleader fails to show in his complaint that his

10

entitlement to relief is more than a mere possibility. See Holmes v. Gates, 403 F. App'x 670, 672–73 (3d Cir. 2010); Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir.2009); Guirguis v. Movers Specialty Servs., Inc., 346 F. App'x 774, 776 (3d Cir. 2009).

## IV.  CONCLUSION

For the reasons set forth above, Defendant Local 623 respectfully submits that Plaintiff's Complaint must be dismissed.

Respectfully submitted,

FREEDMAN AND LORRY, P.C.

Date:  December 13, 2016          _____/S/ Neal Goldstein_____
NEAL GOLDSTEIN
PA Attorney I.D. No. 17589
1601 Market Street, Suite 1500
Philadelphia, PA  19103
(215) 931-2530

_____/S/ Lisa Leshinski_____
LISA LESHINSKI
PA Attorney I.D. No. 201159
1601 Market Street, Suite 1500
Philadelphia, PA  19103
(215) 931-2557

Attorneys for Defendant International
Brotherhood of Teamsters, Local 623