**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT CURRY | : | |
| | : | |
| Plaintiff, | : | NO.:   16-4482 |
| | : | |
| v. | : | |
| | : | |
| UNITED PARCEL SERVICE, INC., et al. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW this _____ day of _____, 2017, upon consideration of Defendants' Motions to Dismiss, and Plaintiff's Omnibus Response in Opposition thereto, it is hereby ORDERED and DECREED that Defendants' Motions are DENIED.

_____
Gerald J. Pappert                                               ,J.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT CURRY | : | |
| | : | |
| Plaintiff, | : | NO.:   16-4482 |
| | : | |
| v. | : | |
| | : | |
| UNITED PARCEL SERVICE, INC., et al. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S OMNIBUS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Incorporating by reference Plaintiff's attached Memorandum of Law, Plaintiff respectfully requests this Honorable Court deny Defendants' Motions to Dismiss, or, in the alternative, grant Plaintiff Leave to Amend his Complaint.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT CURRY | : | |
| | : | |
| Plaintiff, | : | NO.:   16-4482 |
| | : | |
| v. | : | |
| | : | |
| UNITED PARCEL SERVICE, INC., et al. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OMNIBUS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

**I.   Standard**

A.  Motion to Dismiss:  *Fowler* re *Twombly* and *Iqbal*[1]

**Reversing** the District Court's 12(b)(6) dismissal upon claims of insufficient specificity, the Third Circuit held the United State Supreme Court in Twombly and Iqbal (in accord with Phillips) merely requires that the Complaint "set out 'sufficient factual matter' to show that the claim is sufficiently plausible… [allowing] the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPML Shadyside - - F. 3d - -, 2009 WL 2501662 (C.A.3 (Pa) 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1955 (2009)); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 230 (C.A.3 2008).

Fowler reiterated the appropriate Motion to Dismiss standard, as elucidated in Phillips, remaining: "courts [must] accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under **any** reasonable reading of the Complaint, the plaintiff *may* be entitled to relief."  Fowler, supra (quoting Phillips, at 233) (emphasis added).  "Although Fowler's Complaint is not as rich with detail as some might

---

[1] *See generally*, "Simplified Pleading, Meaningful Days in Court, and Trials On The Merits:  Reflections On The Deformation of Federal Procedure," *New York University Law Review*, Vol. 88, p. 286 (April 2013).

prefer, it need only set forth sufficient facts to support plausible claims."[2] Fowler (citing Twombly, at 564, n.8).

"Even post-Twombly, it has been noted that a plaintiff is **not required** to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation *that discovery will reveal evidence of the necessary element*.'" Fowler, supra; (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 231 2671 (W.D. Pa. 2008) Phillips, at 234. Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, at 1969). In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief). *See* 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim." Fowler, supra "…[S]tandards of pleadings are not the same as standards of proof." Id. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." Id. (quoting Twombly, at 556).

---

[2] Mr. Sharp: It's a conclusory fact.

Justice Breyer: Well, it's a fact. They sat in their view --

Mr. Sharp: It's a conclusion.

Justice Breyer: All right. I don't know what a conclusory fact is as opposed to a regular fact.

Dart Cherokee Basin Operating Co. v. Owens, 13-719 (S.Ct. October 7, 2014) (excerpt from transcript of oral argument).

B.  Amended Pleading

A Plaintiff should be provided an opportunity to file an Amended Complaint if it appears that the deficiencies can be corrected.  Twombly, supra.; *See,* 2A J. Moore, *Moore's Federal Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, In re Spree.com Corp., 2001 WL 1518242 (Bankr. E.D. Pa. 2001).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

The Court should freely give leave to amend a Complaint "when justice so requires." FRCP 15(a)(2); Fowler, supra. ("we note that the District Court inexplicably foreclosed Fowler from an opportunity to amend her Complaint so as to provide further specifics…" Though the deadline for amended pleadings had not yet expired, the District Court dismissed Fowler's Complaint with prejudice **in error**) (emphasis added).  The Court should grant Plaintiffs leave to amend their Complaint unless futile or prejudicial, *even if not requested*. Adams v Gould, Inc., 739 F.2d 858, 868-870 (C.A.3 1984) (reversing district court denial of motion to amend a complaint to assert a new legal theory); Arthur V. Maersk, Inc., 434 F.3d 196, 204-2017 (C.A.3 2006) (reversing district court denial of motion to amend to add a new party approximately one year after initiation); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (C.A.3 1993) (finding no prejudice three years after action and two years after complaint was amended for second time); Estate of Frank P. Lagano v. Bergen County Prosecutor's Office, No. 13-3232 (C.A.3. 2014) (citing Alston v. Parker, 363 F.3d 229, 235 (C.A.3 2004)) (reversing a district court for not *sua sponte* granting leave to amend).

"Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. Lorenz, *supra.* "Futility" invokes the 12(b)(6) standard upon the district court's notice of the complaint's deficiencies. Davis v. Abington Memorial Hospital, 765 F.3d 236, 244-245 (C.A.3 2014) (citing Krantz v. Prudential Investments Fund Management, LLC, 144 F.3d 140, 144 (C.A.3 2002).

    C.  Jurisdiction

Supplemental jurisdiction "**must**" be declined in lieu of adjudicating pendent State law claims unless consideration is provided in affirmative justification otherwise. Borough of West Mifflin v. Lancaster, 45 F.3d 780 (C.A.3 1995) (emphasis added); *see,* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *see also,* Annulli v. Panikkar, 200 F.3d 189, 202 (3d Cir. 1999).

In adjudicating a peculiar State law question, that analysis should be left to the State Court. Burford v. Sun Oil Co., 319 U.S. 315 (1943); Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959).

    Conclusion:  Standard

When applying the correct standard, Plaintiff's Complaint is sufficiently specific and Defendant's Motion should be denied. In the alternative, Plaintiff should be granted leave to amend as this Honorable Court is, respectfully, directed to allow. Otherwise, state law claims should be dismissed without prejudice to the state court.

**II.     Argument**

      A.     Statute of Limitations

For the purpose of preservation and candor, Plaintiff files the within action pursuant to FRCP 11(b)(2) – that is, to extend, modify or reverse existing law or for the establishment of new law.

Towards the above end, Plaintiff concedes DelCostello v. International Broth. of Teamsters, 462 U.S. 151 (1983), generally provides a six-month statute of limitations for what Defendants' characterized as Plaintiff's "hybrid" claim. (*See*, dissents (citing dissents, United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, (1981)).

That is, Plaintiff respectfully suggests that United States Supreme Courts' dissents in the afore-cited cases warrant a reversal of existing law. Said differently, as the dissents reflect, analogous state law should govern: two years' statute of limitations for wrongful termination[3]. *See generally*, Dubose v. District 1199C, et al., 105 F. Supp.2d 403 (E.D.Pa. 2000).

As in Dubose, *supra*., through the operative Complaint pleads one (1) Count giving rise to Defendants' "hybrid" claim argument (i.e., six-month statute of limitations), it sounds in wrongful termination (however, *hybrid* in the meaning that the Complaint embodies Plaintiff's wrongful termination for Plaintiff's anti-union establishment speech and convictions). Shick, *supra*.

To the extent this Honorable Court holds Plaintiff's claim in wrongful termination subject to the six-month statute of limitations, Plaintiff agrees this Court bound by United States Supreme Court precedents – Plaintiff's Complaint should then be dismissed (but for Plaintiff's objection for the purpose of preservation). To the extent this Court holds Plaintiff's putative cause in wrongful termination subject to the two-year Pennsylvania statute of limitations,

---
[3] Shick v. Shirey, 716 A.2d 1231 (Pa. 1998).

Plaintiff respectfully requests leave to amend merely to substitute Count I's heading as merely comprising a theory of liability thereunder a claim for wrongful termination.

In analyzing Plaintiff's claim under the putative guise of wrongful termination, Plaintiff respectfully suggests <u>Shick</u>, *supra*., standing for the proposition Defendants' joint actions satisfy the 12(b)(6) standard set forth above.  To that end, as there exists no diversity and the claim proceeds solely under peculiar state law, and Plaintiff respectfully rejects the Labor Management Relations Act ("LMRA") as governing, Plaintiff respectfully requests this Honorable Court dismiss the action for want of jurisdiction without prejudice to the state court.

Consistent with Plaintiff's requested wrongful termination putative cause as here prevailing and thus the Pennsylvania two-year statute of limitations giving rise (not the LMRA's six-month limitations period), Plaintiff points this Honorable Court to other jurisdictions similarly generally holding: <u>Graham v. Quincy Food Service Employees Ass'n.</u>, 555 N.E.2d 543, 549 (Mass. 1990); <u>Lewis v. Baltimore Convention Center</u>, -- A.3d -- , 2016 WL 7017962 (Court of Special Appeals of Maryland December 1, 2016) (unpublished as of yet); <u>Graham v. Trans World Airlines, Inc.</u>, 688 F. Supp. 1387 (W.D.Mo. 1988); <u>Hammond v. Campbell Soup Co.</u>, 1994 WL 162779, at *5 (N.D.Ill. 1994); <u>Breen v. Concrete by Wagner, Inc.</u>, 1998 WL 513072 (N.D.Ill. 1998); <u>Cephas v. MVM, Inc</u>., 520 F.3d 480, 488 (D.C.C.A. 2008); <u>Williams v. District 1199C</u>, 1999 WL 391572, at *4 (E.D.Pa. 1999).

Taking the facts as alleged in the light most favorable to Plaintiff with all reasonable inferences therefrom adduced in favor of Plaintiff and any missing elements left for discovery, <u>Fowler</u>, *supra*., Plaintiff's claim in wrongful termination, <u>Shick</u>, *supra*., is not a LMRA six-month limitations matter.  On the contrary, Plaintiff's claim is in wrongful termination allows for

a two-year statute of limitations.  In that context, Plaintiff's Complaint should survive 12(b)(6) analysis.

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny Defendants' Motions to Dismiss therefore allowing Plaintiff to denominate its sole Count as including a claim for wrongful termination.  To the extent this Honorable Court under that wrongful termination rubric finds the Complaint in anyway defective, Plaintiff respectfully requests leave to amend.  To the extent the Complaint as putatively amended under wrongful termination survives a statute of limitations analysis, it is alternatively requested that the Complaint be dismissed without prejudice for lack of this Honorable Court's jurisdiction.

                                              **WEISBERG LAW**

                                              /s/ Matthew B. Weisberg
                                              Matthew B. Weisberg, Esquire
                                              Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT CURRY | : | |
| | : | |
| Plaintiff, | : | NO.: 16-4482 |
| | : | |
| v. | : | |
| | : | |
| UNITED PARCEL SERVICE, INC., et al. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 11th day of January, 2017, a true and correct copy of the foregoing Plaintiff's Omnibus Response in Opposition to Defendants' Motions to Dismiss and Memorandum of Law in Support thereof were served via ECF, upon the following parties:

Gary M. Tocci, Esquire
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, Pa 19103

Lisa Leshinski, Esq.
Neal Goldstein, Esq.
Freedman and Lorry, P.C.
1601 Market Street, Second Floor
Philadelphia, PA 19103

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff